IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY COOPER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF COATESVILLE, POLICE | : | |
| CHIEF JULIUS CANALE, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY | : | |
| AND JOHN/JANE DOES #1-1000 | : | NO. 12-3602 |

MEMORANDUM

Bartle, J.                                                                              January 3, 2013

       Plaintiff Larry Cooper ("Cooper") has sued the City of Coatesville and Julius Canale ("Canale"), the former Chief of Police of Coatesville, for violations of his civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Before the court is the motion of these defendants to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       Plaintiff, who is African-American, alleges he was hired as a police officer by the City of Coatesville in 1996 and subsequently promoted to the position of corporal in 2002. According to plaintiff, the city's Police Department, including the former Chief of Police, Canale, intentionally discriminated against him on the basis of his race by subjecting him to a hostile work environment, refusing to grant him promotions for which he was eligible, holding him to harsher disciplinary standards than those to which white officers were held, and

restricting his rights and duties as a corporal in the police force by ignoring him and failing to advise him of assignments, among other actions.  Plaintiff alleges that the discriminatory treatment he suffered was a custom and/or policy of the Police Department and that Canale personally participated in and condoned the discrimination.  Moreover, plaintiff contends that Canale and a group of six police officers, nicknamed "the Dirty Half-Dozen," conspired with one another to discriminate against plaintiff in order to deprive him of his civil rights.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This court may consider the allegations in the complaint along with matters of public record and any exhibits attached to the complaint.  E.g., Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Defendant Canale first argues that plaintiff's claims against him pursuant to 42 U.S.C. § 1981 are barred by McGovern

v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009).[1]  There, our Court of Appeals decided that the 1991 Amendment broadening the reach of § 1981 did not alter the Supreme Court's holding in Jett v. Dallas Independent School District, 491 U.S. 701 (1989), that § 1981 does not provide a remedy for civil rights violations committed as a result of an official policy or custom of a municipality.  The court in McGovern affirmed that a former employee had no claim for relief against the City of Philadelphia under § 1981.

Plaintiff counters that while § 1981 does not provide a remedy against municipalities, neither Jett nor McGovern speaks to whether § 1981 provides a remedy against a municipal officer or employee, such as defendant Canale.  While Jett specifically concerned municipal liability under § 1981, the Supreme Court explained broadly:

> We hold now that the express "action at law" provided by § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the

---

1.  Title 42 U.S.C. § 1981(a) provides:  "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."
     Subsection (b) was added in 1991 as a result of the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989).  That subsection reads:  "'Make and enforce contracts' defined. For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

>           exclusive federal damages remedy for the
>           violation of the rights guaranteed by § 1981
>           when the claim is pressed against a state
>           actor.

Id. at 735. Based on the reasoning of the Supreme Court, we see no cause for differentiating between "state actor" municipal liability under § 1981 and "state actor" liability under § 1981 of a municipal officer or employee. There is simply no remedy under § 1981 against a defendant acting under color of state law. The remedy lies solely under § 1983. Consequently, plaintiff's claims against defendant Canale under § 1981 will be dismissed.

Defendants next contend that plaintiff has failed to satisfy the requirements under Monell v. Department of Social Services, 436 U.S. 658 (1978) for a claim under 42 U.S.C. § 1983. Under Monell a plaintiff must allege and prove that the discriminatory actions taken against him or her were a result of a policy or custom of the municipality, or that the actions were undertaken or condoned by a municipal official who was a policymaker. Id. at 694-95; Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

According to defendants, plaintiff's allegations under § 1983 fail because plaintiff did not avail himself of the grievance procedure available to Police Department employees, and, as such, cannot demonstrate a discriminatory policy or custom of the municipal defendant. We find defendants' argument unpersuasive. Whether or not plaintiff went through the internal Police Department grievance procedure, he has sufficiently

pleaded the existence of a policy or custom of discrimination within the Department. Specifically, he has alleged that the Chief of Police participated in and condoned the purported discriminatory acts against plaintiff. We thus conclude that plaintiff has stated a claim under Rule 12(b)(6) and may proceed with his § 1983 claims against defendants.

Defendants also contend that plaintiff has failed properly to allege a civil rights conspiracy claim under 42 U.S.C. § 1985. Defendants assert that a § 1985 conspiracy requires plaintiff to allege that invidious racial animus lay behind defendants' actions and to plead facts from which a conspiracy of that nature can be inferred. Yet, defendants do not point out how plaintiff's complaint is deficient in this regard. Plaintiff has plainly alleged an agreement among Canale and the so-called "Dirty Half-Dozen" to deprive plaintiff of his civil rights on the basis of his race. As such, we find defendants' contention without merit and will allow plaintiff to proceed with his § 1985 claim.

Finally, defendants argue that all claims brought pursuant to 42 U.S.C. § 1983 which are premised on facts that occurred more than two years prior to the date of the filing of the complaint must be dismissed based on the applicable statute of limitations. Defendants correctly note that claims brought under § 1983 are subject to the appropriate state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania the limitations period is two years. 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff

counters that a defense based on the statute of limitations is premature at this stage of the litigation. He maintains that dismissal under 12(b)(6) is inappropriate since the complaint on its face does not make it apparent that the claims are barred by the statute of limitations. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). Plaintiff further argues that even if some of the actions giving rise to the § 1983 claims occurred outside the two-year statute of limitations, the "continuing violations doctrine" operates to allow those claims to go forward as long as they were part of a pattern or practice of discrimination which continued into the statute of limitations period.

Upon review of the complaint, it is impossible at this stage to determine whether any or all of the claims fall outside the statute of limitations or whether the continuing violations doctrine is applicable. We will allow those claims to proceed to the discovery phase without prejudice to defendants' right to reassert at the appropriate time the issue of statute of limitations.

Accordingly, the motion of defendants City of Coatesville and Julius Canale to dismiss the complaint will be granted with respect to plaintiff's § 1981 claims against Canale and denied in all other respects.